IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEIL M. BOHAYCHICK, RICHARD ) <br> DAVIS, BRIAN RHOADES, GARY ) <br> SCOTT BENSON, ALLEN LYNCH, ) <br> CHARLIE ABT, KRIS STRENKOWSKI, ) <br> DANIEL STARR, DONALD GORDON, ) <br> DANIEL GRAPER, LORI BURDETT, ) <br> TED SPEEDY, BRAD HAZLETT, TODD ) <br> SLOMKA, RICHARD HEUSEY, ) <br> DONALD CLAY, TIM HADDEN, ) <br> MICHAEL RUMBAUGH, EUGENE ) <br> RHINE, MICHAEL BABINCAK, TRINA ) <br> KOZUCH, KEVIN BEROCKI, JOHN ) <br> TETFORD, JAKE WADE, NANCY ) <br> MILLIKEN, TIM METZ, DAREN ) <br> BEATTIE, ROBERT FLATT, ANNA ) <br> CARDILLO, JAMES WOODSIDE, ) <br> MICHAEL HOOVER, LORRAINE ) <br> BATES, LISA OROSTEK, ROBERT ) <br> ROSENBERGER, JAKE WHITE, CRAID ) <br> FUSKO, MICHAEL BERARDO, DANIEL ) <br> TORT, MARK NERKOWSKI, KEITH ) <br> BODNAR, JOHN KELLEY, VERONICA ) <br> CECCHI, DONNA GRIMES, MARY LOU ) <br> WADE, TINA O'HARA, MARK NEGLEY ) <br> and SUE MOLINARO, ) <br>     Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> THE UNITED FOOD AND ) <br> COMMERCIAL WORKERS ) <br> INTERNATIONAL UNION, AFL-CIO, ) <br> CLC, and UNITED FOOD AND ) <br> COMMERCIAL FOOD AND UNION ) <br> WORKERS LOCAL 23, ) <br>     Defendants. ) | Civil Action No. 06-738 <br><br> Judge Lancaster <br> Magistrate Judge Mitchell |

REPORT AND RECOMMENDATION

I.        <u>Recommendation</u>

It is respectfully recommended that the motion to dismiss Count II of the Complaint submitted on behalf of the Defendants (Docket No. 4) be denied.

II.       <u>Report</u>

Plaintiffs are members of the United Food and Commercial Workers International Union, AFL-CIO, CLC (the "International") and United Food and Commercial Workers Union Local No. 23 (the "Local").[1]  (Compl. ¶ 1.)  On May 5, 2006, Plaintiffs filed a complaint against the International and the Local in the Court of Common Pleas of Westmoreland County, Pennsylvania.  They allege that these Defendants breached their contracts – namely the Local Bylaws and the International Constitution – and their duty of fair representation to the Plaintiffs in various respects as described below.

On June 6, 2006, Defendants removed the action to this Court on the basis of federal question jurisdiction.  Specifically, they stated that, despite the styling of the claims as causes of action under state law, the complaint in fact raises claims under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401-15 (LMRDA), commonly known as the "Landrum-Griffin Act."  The LMRDA provides certain rights to union members and states that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412.

---

[1] The complaint calls this defendant "United Food and Commercial Food and Union Workers Local 23," but the Local points out that this is incorrect.  The Bylaws of the Local state that its name is United Food and Commercial Workers Union Local No. 23. (Compl. Ex. B at 1, art. I.)

Currently before the Court for disposition is a motion to dismiss Count II of the complaint, which alleges a claim that the Defendants breached their duty of fair representation to the Plaintiffs.  For the reasons that follow, the motion should be denied.

Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) must be viewed in the light most favorable to plaintiff and all well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  See also National Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Williams, 490 U.S. at 323; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The Court of Appeals has stated that:

> To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record....  [In addition,] a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.

Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  Thus, the International Constitution, which is attached to the Complaint as Exhibit A, and the Local Bylaws, which are attached to the Complaint as Exhibit B, may be considered without converting the motion into a motion for summary judgment.

Defendants argue that Count II of the Complaint, which alleges that they are in violation of various provisions of the Bylaws, the Constitution and/or the Landrum-Griffin Act, does not

3

state a claim for breach of the duty of fair representation, but merely reiterates the same allegations made in Count I under a different name.  They contend that Count II fails to allege that their conduct was arbitrary, discriminatory or in bad faith and that the factual averments are not dated, making it impossible to determine whether they might be time-barred under the six-month statute of limitations articulated for hybrid Section 301 duty of fair representation claims by the Supreme Court in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983).  Plaintiffs respond that they have alleged all that is necessary at this stage of the proceedings.

      Count II of the Complaint, which reiterates the allegations of Count I, claims that the Defendants breached their duty of fair representation by: not following parliamentary procedure during regular meetings of the Local, not accepting matters for vote which had been passed by a majority of the membership, not providing union stewards for representation of each shift of employment, denying members the right to run for and hold office when they were members in good standing, refusing to honor memberships request and petition to hold elections for union steward and/or expressly stating that elections would be held and then denying that agreement, refusing to create a negotiation committee during collective bargaining, disciplining a member without due process safeguards, disciplining a member who supported an opposing candidate for election, denying members equal rights and privileges of membership in the Local and International, failing to respond to a grieved member's requests to union officials, and failing to comply with the mandates of the Landrum-Griffin Act.  (Compl. ¶ 16.)

      Defendants cite a district court's statement that:

> To recover for breach of the duty of fair representation plaintiff must prove more than mere breach of the collective bargaining agreement or the union

constitution. He must prove that the "union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Marshall v. Local Union No. 6, Brewers and Maltsters, 960 F.2d 1360, 1370 (8th Cir. 1992) (citing Vaca [v. Sipes], 386 U.S. [171,] 190 [(1967)]).

Kilpatrick v. Sheet Metal Workers Int'l Ass'n Local Union No. 19, 1996 U.S. Dist. LEXIS 16253, at *10 (E.D. Pa. Oct. 30, 1996). However, in that case, the court was examining the allegations of a complaint to see whether they more closely resembled breaches of contract or torts for statute of limitations purposes. It did not dismiss a claim on the ground that the plaintiff had failed to allege conduct that was arbitrary, discriminatory or in bad faith.

The Federal Rules of Civil Procedure provides that a complaint need only include: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has stated that:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) (citations omitted). Plaintiffs have complied with Rule 8(a)(2) and Count II should not be dismissed for failure to state a claim.

Defendants also raise a statute of limitations argument: specifically that the lack of dates in the complaint makes it impossible for them to identify whether the claims might be time-barred under the six-month statute of limitations. However, the Court cannot grant a motion to dismiss a claim on the ground that it might be time-barred. Indeed, the Court of Appeals has held that:

> The defenses listed in Rule 12(b) do not include limitations defenses. Thus, a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion. However, the law of this Circuit (the so-called "Third

5

>   Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (footnote omitted).

Whether any of the claims may be barred by the statute of limitations is not apparent from the face of the complaint. During the course of discovery, Defendants will be able to fill in the details of the relevant dates and they may, at the appropriate time, move for summary judgment on the ground that one or more claims are time-barred.

For these reasons, it is recommended that the motion to dismiss Count II of the Complaint submitted on behalf of the Defendants (Docket No. 4) be denied.

Within thirteen (13) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        s/Robert C. Mitchell
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: October 6, 2006